Mr. Justice Thachee.
delivered the opinion of the court.
A petition was filed in the probate court of Harrison county, in behalf of Adelle Bérnard for her dower or legal rights in the personal property of Adolphe Caillaret, deceased, a former husband of the petitioner. A demurrer was filed to this petition, attacking it for defects of form, which was disallowed by the court below, and an order made, appointing three commission *318 ers to set off to- the petitioner her rights as prayed for in her petition.
The form of petition for dower is regulated by the statute, H. & H. 352, sect. 43. The widow must petition the court, setting out the nature of her claims; and if there be real estate, particularly specify the lands, tenements and hereditaments, in which dower is claimed. But if there be no real estate, that circumstance need not be set forth. It will be seen, from this statute, that it is under the writ of dower that the portion of the widow in the personalty of her husband’s estate is to be allotted and set off to her. Our laws abolish the common law proceedings for dower ; and, although the widow’s interest in personal estate is not dower by the common law, still it is so considered by our statutes, it being a portion which the law gives a widow, in consideration of the marriage.
In this case, the petition does not seem to have been filed under the statute H. & Id. 421, sect. 123, authorizing the probate court to appoint three commissioners to select and set apart to the widow one year’s provisions out of the stock of provisions and effects of the deceased husband. That statute requires a direct application from the widow for that purpose.
The petition can be regarded only as praying for the dower in the personalty of the estate; and was certainly defective in not stating that the deceased had personal property, and in what it consisted ; and especially in not stating that the deceased died in Harrison county, or that the property was there, in order to show that the court had jurisdiction. The demurrer should therefore have been allowed; but as the statute H. & H. 352, sect. 44, declares that the proceedings upon such petitions for dower shall be in a summary way, it is a case where leave for amendment might with great propriety be permitted by the court.
Judgment reversed, the demurrer allowed, and the cause remanded for further proceedings.